**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS MISIK,

          Appellant,

v.

THOMAS D'ARCO,

          Appellee.

No.    18-55750

D.C. No. 2:17-cv-05629-AB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted September 12, 2019[**]
Pasadena, California

Before:  RAWLINSON, IKUTA, and BENNETT, Circuit Judges.

Thomas Misik appeals the district court's order affirming the bankruptcy

court's judgment in favor of Thomas D'Arco in Misik's action alleging D'Arco's

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

debt to him was nondischargeable in bankruptcy under 11 U.S.C. § 523. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

The bankruptcy court's finding that D'Arco lacked fraudulent intent because he intended to repay the loan funds and spent all funds in furtherance of the development project was not clearly erroneous. *See In re Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000). Therefore, the bankruptcy court did not err in concluding D'Arco's debt was not excepted from discharge under 11 U.S.C. § 523(a)(2)(A). For the same reason, the bankruptcy court did not err in concluding D'Arco's debt was not excepted from discharge under 11 U.S.C. § 523(a)(2)(B). *See In re Candland*, 90 F.3d 1466, 1469 (9th Cir. 1996).

The bankruptcy court also did not err in concluding D'Arco's debt was not excepted from discharge under 11 U.S.C. § 523(a)(4). The bankruptcy court did not clearly err in finding D'Arco spent all funds in furtherance of the project. Therefore, even assuming D'Arco was acting in a fiduciary capacity for purposes of 11 U.S.C. § 523(a)(4), Misik failed to prove that D'Arco committed "an intentional wrong" necessary to prove defalcation under 11 U.S.C. § 523(a)(4), *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273 (2013), or that D'Arco embezzled any funds, *see In re Littleton*, 942 F.2d 551, 555 (9th Cir. 1991). Nor did Misik prove that D'Arco's accounting of the funds was a "gross deviation from

2

the standard of conduct that a law-abiding person would observe in the actor's situation." *Bullock*, 569 U.S. at 274 (emphasis omitted) (quoting Model Penal Code § 2.02(2)(c) (1985)).

Finally, the bankruptcy court did not err in holding D'Arco's debt was not excepted from discharge under 11 U.S.C. § 523(a)(6) because Misik failed to prove D'Arco had any intent to injure. *See In re Ormsby*, 591 F.3d 1199, 1206 (9th Cir. 2010).

**AFFIRMED.**